### FRANK BUTTRICK v. THE UNITED STATES FISH FREEZING COMPANY.

*Questions of fact—Conclusiveness of verdict.*

A verdict cannot be disturbed where the issue is purely of fact and is submitted upon the theory of each party in a proper charge.

Error to the Superior Court of Detroit. (Chipman. J.) Oct. 31.—Dec. 20.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*George S. Hosmer* (*Dickinson, Thurber & Hosmer*) for appellant. Where plaintiff has shown the performance of services and their value, defendant has the burden of showing that they were gratuitously performed: 1 Pars. Cont. 445; *De Wolf v. Chicago* 26 Ill. 446; *Farmington v. Allen* 14 Mass. 172; *Lewis v. Trickey* 20 Barb. 387; *Livingston v. Ackeston* 5 Cow. 531; *Weston v. Davis* 24 Me. 374; *Moulin v. Columbet* 22 Cal. 509; *Dougherty v. Whitehead* 31 Mo. 255; Sackett on Instruction of Juries 449.

*Trowbridge & Prescott* for appellee. A service volun-

tarily rendered without request creates no obligation to pay for it, and no promise to pay will be implied: *Lange v. Kaiser* 34 Mich. 317; *Woods v. Ayres* 39 Mich. 345; *Bartholomew v. Jackson* 20 Johns. 28; *Jones v. Woods* 76 Penn. St. 408; *Dunbar v. Williams* 10 Johns. 249; *Hertzog v. Hertzog* 29 Penn. St. 465; *Anderson v. Hamilton Township* 25 Penn. St. 75; *Mumford v. Brown* 6 Cow. 475; *St. Jude's Church v. Van Denberg* 31 Mich. 287.

SHERWOOD, J.   The plaintiff brings this action to recover for services claimed to have been rendered by him in behalf of the defendant in negotiating for the purchase of certain real estate for the use of the company in the city of Detroit.

David W. Davis was superintendent of the defendant company at the time it is claimed that plaintiff's services were rendered, and the plaintiff was subscriber for $2000 worth of defendant company's stock, was a friend of the company, and a frequent caller at the office of Superintendent Davis, by whom plaintiff claims he was requested or employed to negotiate or aid in negotiating the purchase of the property for defendant.

Davis claims and testifies that he never had any authority to employ the plaintiff to perform the services claimed for, and never did employ him to perform the same; that plaintiff was friendly to him at the time and was a frequent visitor at his office; that he supposed his interest in the prosperity of the company was the occasion of his visits, and whatever the plaintiff did or said was entirely voluntary.

A full hearing was had by the parties before a jury at the circuit. The issue upon the testimony was one of fact purely, and under a brief, clear and unexceptionable charge by the circuit judge, the case was submitted to the jury upon the theory of each party. The finding was against the plaintiff and should not be disturbed.

There is no error in the record and the judgment must be affirmed with costs.

The other Justices concurred.